**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PANKAJ SHARMA,<br><br>           Petitioner,<br><br>     v.<br><br>DESERT VIEW FACILITY, *et al.,*<br><br>           Respondents. | Case No. 5:26-cv-04131-ACCV<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.     RULING

On July 23, 2026, Petitioner Pankaj Sharma ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his continued detention.  (Dkt. 1 at 15–23.)  Given Respondents' lack of opposition, the Court GRANTS the Petition on this basis and ORDERS Respondents to release Petitioner Pankaj Sharma (A# 245-030-702) from custody.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is a citizen of India who is detained at the Desert View Facility.  (Dkt. 1 at 4, 5.)  Petitioner originally entered the United States without inspection on or about June 23, 2024.  (*Id.* at 5.)  On June 25, 2023, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear charging petitioner as removable under the Immigration and Nationality Act ("INA")

§ 212(2)(6)(A)(i).  (*Id.* at 5; Dkt. 1-2 at 2.)  The same day, DHS released Petitioner on his own recognizance under the Alternatives to Detention ("ATD") program pending removal proceedings.  (Dkt. 1 at 5; Dkt. 1-3 at 2.)

On July 20, 2026, while walking to his car to go to work, Immigration and Customs Enforcement ("ICE") took Petitioner into custody, without an arrest warrant, notice, a pre-deprivation hearing, or any allegation of changed circumstances.  (Dkt. 1 at 6–7.)

Petitioner asserts that at the time of ICE detained him, he informed the arresting ICE Officer that he was "employed, possessed valid employment authorization, maintained substantial family ties, continued pursuing asylum before the Immigration Court, [had no criminal history], and remained fully compliant with every obligation imposed by DHS." (*Id.* at 7–8.)  Petitioner asserts the statutory authority governing his detention remains disputed—he asserts his detention is governed by 8 U.S.C. § 1226(a), while Respondent "may rely" upon 8 U.S.C. § 1225(b).  (*Id.* at 8.)

The Petition, filed on July 23, 2026, raises multiple claims alleging that Petitioner's detention violates Fifth Amendment due process protections, the Immigration and Nationality Act ("INA"), and the Fourth Amendment for alleged warrantless arrest and detention (*Id.* at 15–24.)  On July 27, 2026, the action was fully consented to for the matter to proceed before a magistrate judge according to General Order 26-05.  (Dkt. 6.)

Respondents filed their answer on July 30, 2026.  (Dkt. 8.)  Respondents stated that they "are not presenting an opposition argument to the Petition at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions . . . no more filings or proceedings will be necessary in this matter." (*Id.* at 2.)  Petitioner filed his reply the same day. (Dkt. 9.)  Petitioner argued that "Respondents have identified no

legal or factual basis justifying Petitioner's continued detention and do not oppose the relief requested in the Petition . . . [so] Petitioner respectfully respects that the Court grant the Petition, enter judgment in Petitioner's favor, and order Petitioner's immediate release." (*Id.* at 2.)

## III.    DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is an order granting the Petition and

that Petitioner be released.  (Dkt. 1 at 24.)  As noted in their answer, "Respondents are not presenting an opposition argument to the Petition at this time."  (Dkt. 8 at 2.)  Given Respondents' non-opposition, Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his detention, the Court finds that it is appropriate to grant the Petition on this basis and order that Petitioner be released.  *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).  As this is Petitioner's most significant basis for relief, release from custody, the Court declines to address Petitioner's other claims.

## IV.   CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS Respondents:

(1)   to release Petitioner Pankaj Sharma (A# 245-030-702) forthwith subject to the same conditions of ATD prior to his re-detention;

(2)   to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3)   that any future enforcement actions must comply with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him notice and a pre-detention hearing before a neutral decision maker; and

(4)   to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: July 31, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4